# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ROBERT WINNINGHAM,                                                                  PLAINTIFF
ADC #655327

v.                                            4:19CV00706-JM-JTK

KENDRA ROBERTS, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Robert Winningham filed this lawsuit pursuant to 42 U.S.C. § 1983 while incarcerated at the Pulaski County Detention Facility (Jail). He alleged Defendants were deliberately indifferent to his serious medical needs and denied him necessary treatment related to a shoulder injury. Defendants Wagner and Turn Key Health were dismissed on November 19, 2019, and Defendant Bahan was dismissed on January 21, 2020. (Doc. Nos. 8, 25)

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by remaining Defendants Kendra Roberts and Deborah Russell. (Doc. Nos. 35-37)  By Order dated September 21, 2019 (Doc. No. 38), this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, noting that failure to respond would result in all of the facts set forth in Defendants' Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in dismissal without prejudice of his

Complaint, pursuant to Local Rule 5.5(c)(2).[1]  As of this date, Plaintiff has not filed a Response to the Motion.

## II.     Amended Complaint

Plaintiff alleged that he injured and dislocated his right shoulder/collarbone when he fell off his bunk on June 29, 2019. (Doc. No. 5, p. 5) A non-party incorrectly read an x-ray taken on June 30, 2019. (Id., p. 4) Although Plaintiff later sought medical attention from Defendant Roberts on July 24, 2019, she refused to help him or refer him to a medical provider and acted with deliberate indifference after he showed her the bone in his shoulder which caused him a great deal of pain. (Id., p. 5) Roberts refused to order any more x-rays or address his issue and told him to get out of her office. (Id.) Plaintiff also sought medical care from Defendant Russell on several occasions through the sick call process and she acted indifferently to his condition by denying him treatment and refusing to see him. (Id.) He stated that when he saw her on one occasion "to show her my major seperation (sic) of the joint/broken clavicle she just looked at me with hollow eyes and told me to stop bothering her with my problem that she would not help me." (Id.) On August

---

[1] Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

3

14, 2019, a physician at the Ouachita River Correctional Unit told Plaintiff he needed surgery. (Id., p. 4) Plaintiff alleged deliberate indifference and medical negligence in violation of state law.

### III.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

4

According to the facts set forth by Defendants in their Statement of Undisputed Material Facts, which Plaintiff does not dispute, together with the Plaintiff's medical records (Doc. Nos. 35-1, 35-2, 37), Plaintiff sustained an injury to the top of his right shoulder prior to his intake at the Jail. (Doc. No. 35-1, pp. 7, 9, 35, 36) Dr. Absalom Tilley ordered an x-ray of the area on June 6, 2019, and the radiologist report concluded unremarkable findings and no acute fracture of Plaintiff's right clavicle. (Id., p. 29; Doc. No. 35-2, pp. 8, 9) Plaintiff reported pain to his right shoulder on June 18, 2019, and Tilley prescribed naproxen and ordered another x-ray. (Doc. No. 35-1, pp. 32, 68)   However, the medical record does not include a report for the x-ray taken on June 27, 2019. (Id., p. 111) Plaintiff fell out of the lower bunk of his bed on June 29, 2019, and that same day the medical staff reported he suffered pain when touched, numbness at the shoulder, and pain radiating from his shoulder to neck and down to his arm. (Id., p. 37) Staff ordered restrictions to Plaintiff's activity, a sling/ace wrap where appropriate, rest and elevation for three days, and ibuprofen. (Id., pp. 37, 38, 70) Defendant Roberts ordered an x-ray of Plaintiff's right shoulder and prescribed ibuprofen. (Id., pp. 38, 112) Results of the x-ray, conducted July 1, 2019, showed no shoulder fracture, separation or dislocation. (Id., p. 114)

Dr. Tilley saw Plaintiff on June 2, 2019 after the fall, and ordered cold packs every 3 hours for twenty minutes, naproxen, and an additional x-ray of Plaintiff's left hand. (Id., pp. 39, 40, 116) The July 3, 2019 x-ray showed no acute fractures or dislocation of the left hand. (Doc. No. 35-2, p. 26) Russell then prescribed acetaminophen, which was approved by Defendant Roberts. (Doc. No. 35-1, p. 71) Plaintiff complained again about shoulder pain on July 11, 2019, and Dr. Tilley prescribed naproxen and acetaminophen. (Id., p. 60) Plaintiff complained of back pain on July 17, 2019, and Defendant Russell noted his range of motion was slightly decreased and Defendant

5

Roberts prescribed ibuprofen. (Id., pp. 44, 78, 79) On both July 24, 2019 and July 29, 2019, Plaintiff submitted sick call requests for the "dislocation" of his right shoulder, and medical staff prescribed acetaminophen. (Id., p. 45; Doc. No. 35-2, pp. 37, 41) Defendant Roberts responded to Plaintiff's July 31, 2019 sick call request for neuropathy pain, and noted the physical deformity on the shoulder had healed and there was no swelling, and that Dr. Tilley switched Plaintiff's medication from naproxen to acetaminophen because of the ineffectiveness of naproxen. (Doc. No. 35-1, pp. 62, 63) Plaintiff submitted thirteen sick call requests relating to his right shoulder issue between June 3, 2019, and August 6, 2019. (Doc. No. 35-2)

Based on this medical record, Defendants state Plaintiff cannot present any evidence that they acted with deliberate indifference to his serious medical needs.

To support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In

addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

In this case, absent any dispute from Plaintiff to the contrary, the Court finds as a matter of law that Defendants did not act with deliberate indifference to his serious medical needs. The medical records show that Plaintiff was treated continuously by both Defendants and other medical professionals during his stay at the Jail between June 3, 2019, and August 6, 2019, when he was transferred to the Malvern Unit of the ADC. In addition, Plaintiff does not identify an objectively verifiable injury he suffered as a result of the care and treatment he received from the Defendants.

Finally, pursuant to McLaurin v. Prater, this Court finds that Plaintiff's supplemental state law medical malpractice claim against Defendants should be dismissed. 30 F.3d 982, 984-94 (8th Cir. 1994).

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 35) be GRANTED.

2. Plaintiff's constitutional claims against Defendants be DISMISSED with prejudice.

3. Plaintiff's state law medical malpractice claim be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 14th day of October, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE